(Decided February 14, 1957)

*Tompkins & Tompkins* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, are limited to the binoculars and leather cases and straps specified in the said attached Schedule A.

That at the time of exportation binoculars and leather cases and straps such as or similar to those identified in the attached Schedule A, were being freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the per piece prices specified in the attached Schedule A net packed, which prices were higher than the foreign values as defined in Section 402 (c), Tariff Act of 1930.

The reappraisement appeals listed in the attached Schedule A are submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the binoculars, leather cases, and straps specified in said schedule "A," and that such values were the per piece prices specified in said schedule "A," net, packed.

Insofar as the appeals relate to all other merchandise, they are hereby dismissed.

Judgment will be entered accordingly.

(Reap. Dec. 8750)

J. E. BERNARD & CO., INC. *v.* UNITED STATES

Entry No. W–01551.

(Decided February 14, 1957)

*Wallace & Schwartz* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States concerning the merchandise referred to in the attached Schedule A, as follows:

1. Said merchandise consists of binoculars and leather carrying cases which, in *John P. Herber & Co. Inc.* v. *United States*, C. D. 1519, this Court held to be subject to appraisement separately according to the value of each class of articles.

2. At the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade for exportation to the United States, is the unit price as shown in the attached Schedule A, in United States currency, less the deductions from said unit price as invoiced, cases and packing as shown in said Schedule A, the foreign value of such or similar merchandise being no higher.

3. The above reappraisement is abandoned as to all entries and merchandise not listed in the attached Schedule A, and said reappraisement may be deemed to be submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the binoculars and leather carrying cases here involved, and that such values were as follows:

SCHEDULE "A"

| Merchandise | United States dollars per each |
|---|---:|
| 50 pcs. 3½'' 6 x 15 | |
| Binoculars | 4. 05 |
| Carrying cases | 1. 50 |
| | Net packed |
| 50 pcs. 3½'' 6 x 18 | |
| Binoculars | 5. 88 |
| Carrying cases | 1. 50 |
| | Net packed |
| 50 pcs. 3⅝'' 6 x 18 | |
| Binoculars | 6. 85 |
| Carrying cases | 1. 50 |
| | Net packed |

Less the deductions from said unit prices, as invoiced

Insofar as the appeal relates to all other merchandise, it is hereby dismissed.

Judgment will be entered accordingly.

FEBRUARY 7, 1957

**Reap. Dec. 8751.**— ).—*Daniel F. Young, Inc.* (*Perfection Import & Export Co.*) v. *United States*. Entered at New York, N. Y. Decided January 10, 1957. [Not published.] Motion by plaintiff.